IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RON LANDIS,<br>  Plaintiff,<br><br>v.<br><br>CITY OF ROWLETT,<br>  Defendant. | § § § § § § § | CIVIL ACTION NO. 3:11cv269-K |

## DEFENDANT CITY OF ROWLETT'S AMENDED ANSWER TO PLAINTIFF'S ORIGINAL PETITION

Comes now City of Rowlett, Texas (hereinafter referred to as the "Defendant") and with leave of court files its Amended Answer to Plaintiff's Original Petition. Defendant pleads as follows:

### I.
### ANSWER

1. This pleading contention does not require admission or denial since the case has been removed to federal court.

#### Defendant's Answer to the Parties and Service Allegations

2. Defendant admits the allegations of ¶ 2 of the Plaintiff's Original Petition.

3. Defendant admits the allegations of ¶ 3 of the Plaintiff's Original Petition.

#### Jurisdiction and Venue [1]

4. Defendant admits the allegations of ¶ 4 of the Plaintiff's Original Petition.

5. Defendant admits that this court has personal jurisdiction over the parties in this matter.

6. Defendant admits that venue is proper.

---

[1] Defendant's answer utilizes the headings contained in the Plaintiff's Original Petition solely for the purpose of organizing the amended answer to correspond to the Original Petition.

**DEFENDANT CITY OF ROWLETT'S FIRST AMENDED ANSWER TO**
**PLAINTIFF'S ORIGINAL PETITION**               **PAGE 1**

## Nature of Action

7. Defendant acknowledges that the allegations of ¶ 7 of the Plaintiff's Original Petition. summarize the claims and causes of action of Plaintiff; however, Defendant denies the underlying claims and demands strict proof thereof.

## Condition Precedent

8. Defendant is unable to admit or deny whether "all conditions precedent to jurisdiction have occurred or been complied with "inasmuch as plaintiff does not enumerate same and therefore Defendant denies that part of the allegation in the first sentence of ¶ 8 of the Plaintiff's Original Petition.  Defendant denies that the EEOC issued a Determination as such. Otherwise, Defendant admits the remaining allegations of ¶ 8 of the Plaintiff's Original Petition.

## Facts

9. Defendant denies the allegations of ¶ 9 of the Plaintiff's Original Petition.

10. There is no ¶ 10 in the Plaintiff's Original Petition.

## Age Discrimination

11. Defendant denies the allegations of ¶ 11 of the Plaintiff's Original Petition.

12. Defendant denies the allegations of ¶ 12 of the Plaintiff's Original Petition.

13. Defendant denies the allegations of ¶ 13 of the Plaintiff's Original Petition.

14. Defendant denies the allegations of ¶ 14 of the Plaintiff's Original Petition.

## Wrongful Discharge for Refusal to Perform an Illegal Act by City of Rowlett

15. Defendant denies the allegations of ¶ 15 of the Plaintiff's Original Petition and asserts its governmental immunity from liability and suit.

16. Defendant denies the allegations of ¶ 16 of the Plaintiff's Original Petition and asserts its governmental immunity from liability and suit.

17. There is no paragraph numbered 17 in the Plaintiff's Original Petition.

### Fraud by City of Rowlett

18. Defendant denies the allegations of ¶ 18 of the Plaintiff's Original Petition and asserts its governmental immunity from liability and suit.

### Intentional Infliction of Emotional Distress by City of Rowlett

19. Defendant denies the allegations of ¶ 19 of the Plaintiff's Original Petition and asserts its governmental immunity from liability and suit.

### Invasion of Privacy by City of Rowlett

20. Defendant denies the allegations of ¶ 20 of the Plaintiff's Original Petition and asserts its governmental immunity from liability and suit.

21. Defendant denies the allegations of ¶ 21 of the Plaintiff's Original Petition and asserts its governmental immunity from liability and suit.

22. There is no paragraph 22 in the Plaintiff's Original Petition.

### Defamation by City of Rowlett

23. Defendant denies the allegations of ¶ 22 of the Plaintiff's Original Petition and asserts its governmental immunity from liability and suit.

24. There is no paragraph 24 in the Plaintiff Original Petition.

25. There is no paragraph 25 in the Plaintiff's Original Petition.

### Negligence by City of Rowlett

26. Defendant denies the allegations of ¶ 23 of the Plaintiff's Original Petition and asserts

its governmental immunity from liability and suit.

### Negligent Hiring, Supervision, Training and Retention by City of Rowlett

27. Defendant denies the allegations of ¶ 27 of the Plaintiff's Original Petition and asserts its governmental immunity from liability and suit.

28. There is no paragraph 28 in Plaintiff's Original Petition.

### Retaliation by City of Rowlett

29. Defendant denies the allegations of ¶ 29 of the Plaintiff's Original Petition.

30. There is no paragraph 30 in Plaintiff's Original Petition.

### Tortious Interference with Business Relations by City of Rowlett

31. Defendant denies the allegations of ¶ 31 of the Plaintiff's Original Petition and asserts its governmental immunity from liability and suit.

### Tortious Interference with Prospective Business Relationship by City of Rowlett

32. Defendant denies the allegations of ¶ 32 of the Plaintiff's Original Petition and asserts its governmental immunity from liability and suit.

### Promissory Estoppel by City of Rowlett

33. Defendant denies the allegations of ¶ 33 of the Plaintiff's Original Petition and asserts its governmental immunity from liability and suit.

34. There is no paragraph 34 in the Plaintiff's Original Petition.

### Damages

35. Defendant denies the allegations of ¶ 35a through 35ad of the Plaintiff's Original Petition and asserts its governmental immunity from liability and suit.

Exemplary Damages

36. Defendant denies the allegations of ¶ 36 of the Plaintiff's Original Petition and asserts its governmental immunity from liability and suit.

Specific Relief

37. Defendant denies the allegations of ¶ 17 of the Plaintiff's Original Petition and asserts its governmental immunity from liability and suit.

## II.

## AFFIRMATIVE DEFENSES

Pursuant to Rule 8(c) of the FEDERAL RULES OF CIVIL PROCEDURE, Defendant affirmatively and alternatively pleads as follows:

1. Plaintiff has failed to exhaust his administrative remedies with regard to some of the claims in the Plaintiff's Original Petition.

2. To the extent applicable, Defendant affirmatively states that claims predicated upon conduct occurring more than 300 days prior to the filing of a charge of discrimination with either the Equal Employment Opportunity Commission or the Texas Workforce Commission - Civil Rights Division are time barred and that Plaintiff has failed to exhaust his administrative remedies.

3. To the extent applicable, Defendant affirmatively states that claims not submitted to the Equal Employment Opportunity Commission or the Texas Workforce Commission-Civil Rights Division in a timely Charge of Discrimination are barred because they exceed the scope of Plaintiff's Charge of Discrimination and/or because of Plaintiff's failure to exhaust his administrative remedies and by failure to perfect jurisdictional

prerequisites.

4. To the extent applicable, Defendant affirmatively states that claims not timely brought within ninety (90) days of Plaintiff's receipt of an Equal Employment Opportunity Commission Notice of Right to Sue and/or sixty (60) days within the Texas Workforce Commission-Civil Rights Division's Notice of Dismissal are time barred.

5. To the extent applicable, Defendant affirmatively asserts that some of Plaintiff's claims are barred by the applicable statute of limitations.

6. At all times during Plaintiff's employment, he was an *at will* employee and employed for an indefinite period and could be discharged with or without notice and with or without cause.

7. All employment actions taken with respect to Plaintiff were based on neutral nondiscriminatory reasons, including the legitimate exercise of managerial discretion and legitimate business needs.

8. To the extent applicable, Defendant affirmatively asserts that Plaintiff has failed to mitigate his damages and cannot recover damages for any period of time in which he did not make a reasonable effort to find comparable employment.

9. To the extent applicable, Defendant affirmatively states that claims not timely brought within ninety (90) days of Plaintiff's receipt of an Equal Employment Opportunity Commission Notice of Right to Sue and/or sixty (60) days of receipt of the Texas Workforce Commission-Civil Rights Division's Dismissal and Notice of Right to Sue are time barred.

10. Defendant denies making any defamatory or slanderous statements regarding Plaintiff and affirmatively asserts that to the extent any communications or statements were

made, they were absolutely privileged and/or were subject to qualified privileged and/or were substantially true. Pleading further, Defendant would show that it is not liable for Plaintiff's claims of defamation for the reason that as a municipal government, it possesses sovereign immunity from suit and liability on such claims. Pleading further, Plaintiff fails to plead an actionable defamation claim upon which relief can be granted.

11. Defendant denies making any defamatory or slanderous statements regarding Plaintiff, but if there were any, any and all communications or statements made were made in good faith, for a lawful purpose, in the public interest, in accordance with a public duty and without malice and were therefore qualified privileged.

12. Defendant is a municipal government and as such is immune from suit and liability for all of Plaintiff's common law causes of action.

13. In the unlikely event of a liability finding against the Defendant, Defendant pleads alternatively that Defendant is entitled to the applicable limits on damages outlined in the Texas Labor Code §21. 2585 (c), and pursuant to any and all federal or state statutory limitations on liability, and hereby notifies Plaintiff of the intent to assert such damage limits.

14. In the unlikely event of a liability finding against the Defendant, Defendant pleads alternatively that Defendant is immune from liability for exemplary or punitive damages, pursuant to the Civil Rights Act of 1991, 42 U.S.C. §1981a(b) and Texas Labor Code §21.2585(b), and hereby notifies Plaintiff of the intention to assert such immunity.

15. In the unlikely event of a liability finding against Defendant, Defendant is entitled to a set-off of for retirement benefits and/or unemployment compensation

benefits, if any, received by Plaintiff from and after the termination of his employment.

16. In the unlikely event of finding of discrimination as a motivating factor, Defendant pleads affirmatively that it would have taken the same action in the absence of any asserted impermissible motivating factor.

17. In the unlikely event of finding of discrimination as a motivating factor, Defendant pleads affirmatively that any action taken was job-related and consistent with business necessity.

18. In the unlikely event of finding of discrimination as a motivating factor, Defendant pleads affirmatively that any action taken was in response to a direct threat to the health or safety of other individuals in the workplace.

### III.

### PRAYER FOR RELIEF

WHEREFORE, Defendant requests the court as follows:

a. Prompt and immediate dismissal of all claims against the Defendant,

b. Upon jury trial of Plaintiff's claims, dismissal of all claims.

c. And to award Defendant costs incurred herein and to award Defendant all other relief to which it is entitled.

          Respectfully submitted,
          MARIS & LANIER, P.C.


          /s/ Marigny A. Lanier
          MARIGNY A. LANIER
          State Bar No. 11933200
          3710 Rawlins Street, Suite 1550
          Dallas, Texas 75219
          (214) 706-0920
          (214) 706-0921 (Telefax)

          ATTORNEYS FOR DEFENDANT
          CITY OF ROWLETT, TEXAS


## CERTIFICATE OF SERVICE

This is to certify that a true, correct and complete copy of the foregoing instrument has been served in accordance with Federal Rules of Civil Procedure on the 8th day of September, 2011 to:

John Weddle
3131 Turtle Creek Blvd.
Suite 901
Dallas, TX 75219
**VIA CERTIFIED MAIL RECEIPT
NO. 7007 1490 0003 5733 5532**

**DEFENDANT CITY OF ROWLETT'S FIRST AMENDED ANSWER TO
PLAINTIFF'S ORIGINAL PETITION                             PAGE 9**