

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RON LANDIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:11-CV-0269-K |
| | § | |
| CITY OF ROWLETT, TEXAS, | § | |
| | § | |
| Defendant. | § | |

## COURT'S CHARGE TO THE JURY

MEMBERS OF THE JURY:

You have now been sworn as the jury to try this case. As the jury you will decide the disputed questions of fact.

As the Judge, I will decide all questions of law and procedure. From time to time during the trial and at the end of the trial, I will instruct you on the rules of law that you must follow in making your decision.

Soon the lawyers for each of the parties will make what is called an opening statement. Opening statements are intended to assist you in understanding the evidence. What the lawyers say is not evidence. After the opening statements, the plaintiff will call witnesses and present evidence. Then, the defendant will have an opportunity to call witnesses and present evidence. After the parties' main case is completed, the plaintiff will be permitted to present rebuttal evidence. After all the

evidence is completed, the lawyers will again address you to make final arguments. Then I will instruct you on the applicable law. You will then retire to deliberate on a verdict.

Keep an open mind during the trial. Do not decide any fact until you have heard all of the evidence, the closing arguments, and my instructions.

Pay close attention to the testimony and evidence. If you would like to take notes during the trial, you may do so. If you do take notes, be careful not to get so involved in note taking that you become distracted and miss part of the testimony. Your notes are to be used only as aids to your memory, and if your memory should later be different from your notes, you should rely on your memory and not on your notes. If you do not take notes, rely on your own independent memory of the testimony. Do not be unduly influenced by the notes of other jurors. A juror's notes are not entitled to any greater weight than the recollection of each juror concerning the testimony. Even though the court reporter is making stenographic notes of everything that is said, a typewritten copy of the testimony will not be available for your use during deliberations. On the other hand, any exhibits admitted during the trial will be available to you during your deliberations.

Until this trial is over, do not discuss this case with anyone and do not permit anyone to discuss this case in your presence. Do not discuss the case even with the other jurors until all of the jurors are in the jury room actually deliberating at the end of the case. I know that many of you use cell phones, Blackberries, the internet and

other tools of technology. You also must not talk to anyone about this case or use these tools to communicate electronically with anyone about the case. This includes your family and friends. You may not communicate with anyone about the case on your cell phone, through e-mail, Blackberry, iPhone, text messaging, or on Twitter, through any blog or website, through any internet chat room, or by way of any other social networking websites, including Facebook, MySpace, LinkedIn, and YouTube. If anyone should attempt to discuss this case or to approach you concerning the case, you should inform the Court immediately. Hold yourself completely apart from the people involved in the case—the parties, the witnesses, the attorneys and persons associated with them. It is important not only that you be fair and impartial but that you also appear to be fair and impartial.

Do not make any independent investigation of any fact or matter in this case. You are to be guided solely by what you see and hear in this trial. Do not learn anything about the case from any other source.

Throughout these instructions, I may refer to Ron Landis, the plaintiff, as "Mr. Landis" or "the plaintiff." I may refer to the City of Rowlett as "the City" or "the defendant." During the trial, it may be necessary for me to confer with the lawyers out of your hearing or to conduct a part of the trial out of your presence. I will handle these matters as briefly and as conveniently for you as I can, but you should remember that they are a necessary part of the trial.

The evidence in this case will consist of the following:

1. The sworn testimony of all witnesses, no matter who called a witness.

2. All exhibits received in evidence, regardless of who may have produced the exhibits.

3. All facts that may have been stipulated or judicially noticed that you must take as true for purposes of this case.

A "stipulation" is an agreement between both sides that certain facts are true. When the lawyers on both sides stipulate or agree to the existence of a fact, you must, unless otherwise instructed, accept the stipulation as evidence and regard that fact as proved. The parties have agreed, or stipulated, that the following facts are not in dispute and will require no proof at trial.

1. Ronald Landis was employed as a firefighter paramedic for the City of Rowlett until December 31, 2009.

2. During the relevant period of time, the City of Rowlett employed 328 persons.

I may take "judicial notice" of certain facts or events. When I declare that I will take judicial notice of some fact or event, you must accept that fact as true. If I sustain an objection to any evidence or if I order evidence stricken, that evidence must be entirely ignored.

During the trial, the lawyers may make objections to questions asked or answers

given.  That simply means that the lawyer is requesting that I make a decision on a particular rule of law.  Do not draw any conclusion from such objections or from my rulings on the objections.  These relate only to the legal questions that I must determine and should not influence your thinking.  If I sustain an objection to a question, the witness cannot answer it.  Do not attempt to guess what answer might have been given had I allowed the question to be answered.  If I overrule an objection, treat the answer like any other.  Additionally, some evidence may be admitted for a limited purpose only.  When I instruct you that an item of evidence has been admitted for a limited purpose only, you must consider it only for that limited purpose and for no other purpose.

You are to consider only the evidence in the case.  From the facts that you believe have been proved, you may draw such reasonable inferences or conclusions as you feel are justified in light of your experience.

It is now time for opening statements.


## POST-EVIDENCE INSTRUCTIONS

MEMBERS OF THE JURY:

Now that you have heard all the evidence in this case, I will instruct you on the law that you must apply.

## GENERAL INSTRUCTIONS

It is your duty to follow the law as I give it to you in this Charge. On the other

hand, you the jury are the judges of the facts. Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

After I instruct you on the law, the attorneys will have an opportunity to make their closing arguments. Remember that any statements or arguments made by the lawyers are not evidence and are not instructions on the law. They are intended only to assist the jury in understanding the evidence and the parties' contentions.

Answer each question from the facts as you find them. Your answers and your verdict must be unanimous. You must answer all questions from a preponderance of the evidence. By this is meant the greater weight and degree of credible evidence before you. In other words, to establish a claim by a "preponderance of the evidence" means to prove that the claim is more likely so than not so. In determining whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

You will recall that during the course of this trial I instructed you that I admitted certain testimony [and certain exhibits] for a limited purpose and I instructed you that you may consider some testimony [and documents] as evidence against one party but not against another. You may consider such evidence only for the specific limited purpose for which it was admitted.

You are the sole judges of the "credibility" or believability of each witness and the weight to be given to the witness's testimony. In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

The fact that a witness has previously been convicted of a felony, or a crime involving dishonesty or false statement, is also a factor you may consider in weighing the credibility of that witness. Such a conviction does not necessarily destroy the witness' credibility, but is one of the circumstances you may take into account in determining the weight to give to his testimony.

The weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or nonexistence of any fact. The testimony of a

single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

There are two types of evidence you may consider in properly finding the truth as to the facts in the case. One is direct evidence. A fact is established by direct evidence when proved by witnesses who saw the act done or heard the words spoken or by documentary evidence. The other is indirect or circumstantial evidence–the proof of a chain of circumstances indicating the existence or nonexistence of certain other facts. Direct proof of a state of mind is almost never available and is not required. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

Do not let bias, prejudice or sympathy play any part in your deliberations. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice. This case should be considered and decided by you as an action

between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life.

## VERDICT

## AMERICANS WITH DISABILITIES ACT ("ADA")/ TEXAS LABOR CODE

### Landis's Claim and the City's Defenses

In this case Ron Landis claims that the City discriminated against him because of his disability in violation of a federal law known as the Americans with Disabilities Act ("ADA"), and a state law known as the Texas Labor Code. He contends that he was discriminated against because of his disability, a bad back that placed him in a position where he was authorized to take pain medication while off duty. Specifically, he asserts that the City of Rowlett terminated his employment because his disability resulted in him having the authorized pain medication in his system. The City denies that it discriminated against Landis, and contends that Landis's employment as a firefighter/paramedic was terminated because he violated the City's Drug and Alcohol Policy and was unable to perform the work of a firefighter/paramedic on December 2, 2009. This policy prohibits an employee from being under the influence of drugs, including prescription drugs, which affect the employee's ability to perform the work safely. The City also contends that it terminated Landis from its employment because he lied to his captain and failed to waste a controlled substance in accordance with policy.

Under the ADA and the Texas Labor Code, it is unlawful for an employer to terminate a qualified individual with a disability because of the individual's disability.

To succeed on his claim that he was unlawfully terminated from his employment, Landis must prove the following elements by a preponderance of the evidence:

1.   Landis has a disability;

2.   Landis was qualified for the job; and

3.   The City of Rowlett terminated Landis's employment because of his disability.

The term "disability" means, with respect to an individual—

1.   a physical or mental impairment that substantially limits one or more major life activities of such individual;

2.   a record of such an impairment; or

3.   being regarded as having such an impairment.

An impairment includes any physiological disorder, or condition, cosmetic disfigurement, or anatomical loss affecting one or more of the body systems including musculoskeletal. An impairment is a disability if it substantially limits the ability of an individual to perform a major life activity as compared to most people in the general population. An impairment need not prevent, or significantly or severely restrict the individual from performing a major life activity in order to be considered a disability. The ameliorative effect of mitigating measures, such as medication, reasonable accommodations or surgical interventions, shall not be considered in determining whether an impairment substantially limits a major life activity.

A major life activity is an activity that is important or significant, but it does not necessarily have to be public, economic, or undertaken daily.  Major life activities are those basic activities, including major bodily functions, that most people in the general population can perform with little or no difficulty. They include but are not limited to such things as caring for oneself, performing manual tasks that are central to daily life, walking, seeing, hearing, speaking, breathing, working, learning, eating, lifting, reaching, sitting, standing, and reproduction.

A person has a record of an impairment if the individual has a history of  or has been misclassified as having, a mental or physical impairment that substantially limits one or more major life activities.

A person is regarded as having a disability if the individual is subjected to an adverse action, including termination, non-selection, demotion, or denial of any other term, condition, or privilege of employment based on an actual or perceived physical or mental impairment, whether or not the impairment limits or is perceived to limit a major life activity.  A person regarded as disabled must 1) have an impairment that does not substantially limit major life activities, but is treated as such by an employer; 2) have an impairment that substantially limits one or more major life activities, but only because of the attitudes of others toward the impairment; or 3) have no actual impairment at all, but be treated by an employer as having a substantially limiting impairment.

A "qualified" individual with a disability is a person who has the requisite skill, experience, education and other job-related requirements of the employment position such individual holds or desires, and who, with or without reasonable accommodation, can perform the essential functions of such position.

Essential functions are those that are fundamental to the job at issue. The term does not include the marginal functions of a job. In deciding whether a function is essential, you may consider a variety of factors, such as 1) the reasons the job exists 2) the number of employees Defendant has to perform the kind of work, 3) the degree of specialization the job requires, 4) Defendant's judgment as to which functions are essential, 5) written job descriptions prepared before advertising or interviewing applicants for the position, 6) the consequences of not requiring an employee to satisfy that function, and 7) the work experience of others who held the position.

Landis does not have to prove that his disability was the only reason the City terminated him. He must show, however, that it was a motivating factor. If you find that the reason that the City of Rowlett has given for its decision is false, you may infer that the City of Rowlett terminated Landis because of his disability. If you find that Landis's disability was a motivating factor in the City's decision to terminate his employment, even though other considerations were factors in the decision, then you must determine whether the City proved by a preponderance of the evidence that it would have made the same decision even if it had not considered Landis's disability.

### Damages for Disability Discrimination

If you found that the City of Rowlett violated the ADA/Texas Labor Code, you must determine whether the City has caused Ron Landis damages and, if so, you must determine the amount, if any, of those damages.

You should not interpret the fact that I am giving instructions regarding damages as an indication that I believe Ron Landis should or should not succeed on his claim under the Americans with Disabilities Act or the Texas Labor Code. It is your task first to decide whether The City of Rowlett violated the Americans with Disabilities Act/Texas Labor Code.

Ron Landis must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. On the other hand, Ron Landis need not prove the amount of his losses with mathematical precision, but only with as much definitiveness and accuracy as the circumstances permit.

You should consider the following elements of damages, and no others: 1) economic loss, which includes back pay and benefits; and 2) compensatory damages, which include future pay, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

Back pay and benefits include the amounts the evidence shows Ron Landis would have earned had the City of Rowlett not violated the Americans with Disabilities Act/Texas Labor Code, and includes fringe benefits such as life and health insurance,

stock options, contributions to retirement, etc., minus the amounts of earnings and benefits, if any, the City of Rowlett proves by a preponderance of the evidence, Ron Landis received in the interim.

There is no exact standard for determining compensatory damages. You are to determine an amount that will fairly compensate Ron Landis for any injury he has sustained. Do not include as compensatory damages back pay or interest on back pay and/or benefits.

### QUESTION NO. 1

Do you find that Ron Landis established by a preponderance of the evidence that he was a qualified individual with a disability?

Answer "yes" or "no."

Answer: _Yes_

If you answered "yes" to Question No. 1, answer Question No. 2.   If you answered "no" to Question No. 1, do not answer any further questions.

## <u>QUESTION NO. 2</u>

Did Ron Landis show by a preponderance of the evidence that he was discharged from his employment with the City of Rowlett because of his disability?

Answer: _yes_

If you answered "yes" to Question No. 2, answer Question No. 3.   If you answered "no" to Question No. 2, do not answer any further questions.

## QUESTION NO. 3

Has the City proven by a preponderance of the evidence that it would have made the same decision to terminate Landis's employment regardless of disability based on information known to the City at the time of termination?

Answer "yes" or "no."

Answer: ___yes___

If you answered "yes" to Question No. 3, then do not answer any further questions.  If you answered "no" to  Question No. 3, answer Question No. 4.

## QUESTION NO. 4

What sum of money, if paid now in cash, would fairly and reasonably compensate Ron Landis for the damages, if any, that you have found the City of Rowlett caused him?

Answer in dollars and cents, if any, for the following items and none other.

Past wages, salary and employment benefits, or other compensation denied or lost:

Answer: _45,051. 63_

Future wages, salary and employment benefits, or other compensation denied or lost:

Answer: _204,000_

Emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life:

Answer: _0_

## POST-ARGUMENT INSTRUCTIONS

You are the sole and exclusive judges of the facts.  You should determine these facts without any bias, prejudice, sympathy, fear, or favor, and this determination should be made from a fair consideration of all the evidence that you have seen and heard in this trial.  Do not speculate on matters that are not in evidence.  Keep constantly in mind that it would be a violation of your own sworn duty to base a verdict on anything but the evidence in the case.  Your answers and verdict must be unanimous; that is, all of you must agree to each of your answers.  You will carefully and impartially consider all the evidence in the case, follow the law as stated by the Court, and reach a just verdict, regardless of the consequences.

The fact that I have given you instructions about a particular claim or defense, or that I have not so instructed you, should not be interpreted by you in any way as an indication that I believe a particular party should, or should not, prevail in this case.

Remember that any notes you have taken during this trial are only aids to memory.  If your memory should differ from your notes, then you should rely on your memory and not on the notes. The notes are not evidence.  A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly influenced by the notes of other jurors.  Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

It is your sworn duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case, do not hesitate to reexamine your own opinion and change your mind if you become convinced that you are wrong. However, do not give up your honest beliefs solely because the others think differently or merely to finish the case.

Remember that in a very real way you are the judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case. You will now retire to the jury room. In a few minutes I will send you this charge and the exhibits the Court has admitted into evidence. Upon receiving the exhibits and charge, you should select a foreperson and commence deliberations. Do not deliberate unless all of you are present in the jury room. In other words, if one or more of you go to lunch together or are together outside the jury room, do not discuss the case.

If during the course of your deliberations you wish to communicate with the Court, you should do so only in writing by a note signed by the foreperson. I will then respond as promptly as possible, either in writing or by having you return to the courtroom so that I can address you orally. I caution you, however, with respect to any message or question you might send that you should never state or specify your numerical division at the time.

During your deliberations you will set your own work schedule, deciding for yourselves when and how frequently you wish to recess and for how long.

After you have reached your verdict, you will return this charge together with your written answers to the foregoing questions. Do not reveal your answers to anyone besides other members of the jury until such time as you are discharged, unless otherwise directed by me. After you have reached a verdict, you are not required to talk with anyone about the case.

Your foreperson will sign in the space provided on the following page after you have reached your verdict.

DATED: April 20, 2012.

ED KINKEADE
UNITED STATES DISTRICT JUDGE

## <u>VERDICT OF THE JURY</u>

We, the jury, have answered the above and foregoing questions as indicated, and herewith return the same into Court as our verdict.

DATED:   April ⎯20⎯ , 2012.

⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
FOREPERSON